| | |
|---|---|
| UNITED STATES OF AMERICA,<br>STATE OF COLORADO,<br>STATE OF FLORIDA DEPARTMENT OF<br>ENVIRONMENTAL PROTECTION,<br>STATE OF ILLINOIS,<br>STATE OF INDIANA,<br>STATE OF MARYLAND,<br>STATE OF NEVADA,<br>and COMMONWEALTH OF VIRGINIA,<br><br>        Plaintiffs,<br><br>v.<br><br>THE RYLAND GROUP, INC.<br>d/b/a RYLAND HOMES,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Civil Action No.   3:11-cv-00499<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CONSENT DECREE

# TABLE OF CONTENTS

I.      DEFINITIONS ................................................................................2

II.     JURISDICTION AND VENUE ...................................................9

III.    APPLICABILITY ......................................................................10

IV.    BUILDER'S COMPLIANCE PROGRAM .................................10

V.      CIVIL PENALTY .....................................................................28

VI.    REPORTING REQUIREMENTS .............................................32

VII.    STIPULATED PENALTIES ......................................................32

VIII.   FORCE MAJEURE ...................................................................41

IX.    DISPUTE RESOLUTION ........................................................43

X.      INFORMATION COLLECTION AND RETENTION ..............45

XI.    EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS ....46

XII.    COSTS ......................................................................................48

XIII.   NOTICES ..................................................................................48

XIV.   EFFECTIVE DATE ..................................................................52

XV.    RETENTION OF JURISDICTION ..........................................52

XVI.   MODIFICATION ......................................................................52

XVII.   TERMINATION .......................................................................53

XVIII. PUBLIC PARTICIPATION .......................................................56

XIX.   SIGNATORIES/SERVICE .......................................................57

XX.    INTEGRATION .......................................................................57

XXI.   APPENDICES ..........................................................................58

XXII. FINAL JUDGMENT ...............................................................58

i

Whereas, the United States of America, on behalf of the United States Environmental Protection Agency ("EPA"), has filed the Complaint in this matter alleging that The Ryland Group, Inc., doing business as Ryland Homes, and its wholly-owned subsidiaries ("Ryland") has violated the Clean Water Act ("CWA"), 33 U.S.C. §§ 1251-1387, and the regulations promulgated pursuant to that statute, including the conditions and limitations of the Federal General Permit, and various applicable state permits.

Whereas, the State of Colorado, the State of Florida Department of Environmental Protection, the State of Illinois, the State of Indiana, the State of Maryland, the State of Nevada, and the Commonwealth of Virginia are Co-Plaintiffs and have joined in the filing of the Complaint in this matter alleging that Ryland has violated state clean water laws, including the following, respectively: the Colorado Water Quality Control Act, the Florida Air and Water Pollution Control Act, the Illinois Environmental Protection Act, the Indiana Water Pollution Control Act, the Maryland Water Pollution Control Act, the Nevada Water Pollution Act, and the Virginia Stormwater Management Act, and the regulations promulgated pursuant to those statutes including, respectively, the terms and conditions of the Colorado CDPS General Permit for Stormwater Discharges Associated with Construction Activity; the Florida NPDES Generic Permit for Stormwater Discharge Associated with Large and Small Construction Activities; the Illinois General NPDES Permit for Storm Water Discharges from Construction Site Activities; the Indiana NPDES General Permit for Storm Water Run-off Associated with Construction Activities; the Maryland General Permit for Stormwater Associated with Construction Activity; the Nevada Stormwater General Permit; and the Virginia General Permit for Discharges of Stormwater from Construction Activities.

1

Whereas, the Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation among the Parties and that this Consent Decree is fair, reasonable, and in the public interest;

NOW, THEREFORE, before the taking of any testimony, without the adjudication or admission of any issue of fact or law except as provided in Section II, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I.     DEFINITIONS

1.     <u>Definitions</u>.  Except as specifically provided in this Consent Decree the terms used in this Decree shall be defined in accordance with definitions in the Clean Water Act and the regulations promulgated pursuant to the Clean Water Act.  Whenever the terms listed below are used in this Decree, the following definitions apply:

a.     Action Item – a condition that requires action to be taken to achieve or maintain compliance with Stormwater Requirements.

b.     Applicable Permit – whichever of the following permits is applicable to a particular Site:  (i) the Federal Construction General Permit for activities subject to permitting pursuant to 40 C.F.R. § 122.26(b)(14)(x) or 40 C.F.R. § 122.26(b)(15); or (ii) in the case of an Authorized State, the Authorized State's comparable National Pollutant Discharge Elimination System ("NPDES") construction general permit; or (iii) an individual NPDES permit issued by EPA or an Authorized State for stormwater discharges subject to 40 C.F.R. § 122.26(b)(14)(x) or 40 C.F.R. § 122.26(b)(15).  This term applies to that permit in its current form or as it may be amended in the future.

c.     Authorized State – a state with an NPDES Permit Program that has been authorized by EPA under Section 402(b) of the CWA, 33 U.S.C. § 1342(b), and 40

C.F.R. Part 123 to issue individual or general NPDES permits as defined by the term Applicable Permit.

d.      Best Management Practices ("BMPs") – the definition in 40 C.F.R. § 122.2, in its current form or as it may be amended in the future.  That definition currently is "schedules of activities, prohibitions of practices, maintenance procedures, and other management practices to prevent or reduce the pollution of 'waters of the United States.' BMPs also include treatment requirements, operating procedures, and practices to control plant site runoff, spillage or leaks, sludge or waste disposal, or drainage from raw material storage."

e.      Builder – The Ryland Group, Inc., and its wholly-owned subsidiaries that own or operate Projects or Sites.  For purposes of this definition, "wholly-owned subsidiaries" includes entities where The Ryland Group, Inc., owns a majority interest in the entity and an entity having a common parent with The Ryland Group, Inc., owns the remaining interest.  Builder does not include any subsidiary that does not engage in any residential construction.

f.      Business Day – any day other than a Saturday, Sunday, or State or Federal legal holiday.  If a stated time period in the Decree expires on a Saturday, Sunday, or State or Federal legal holiday, it shall be extended to include the next Business Day.

g.      Clean Water Act ("CWA") – the Federal Water Pollution Control Act, as amended, 33 U.S.C. §§ 1251-1387.

h.      Complaint – shall mean the complaint filed by the United States, the State of Colorado, the Florida Department of Environmental Protection, the States of Illinois, Indiana, Maryland, Nevada, and the Commonwealth of Virginia in this action.

i.      Consent Decree or Decree – shall mean this Decree and all Appendices attached hereto (listed in Section XXI).

j.      Contractor – any contractor (other than a Stormwater Consultant, a utility company or its contractor, or a contractor hired at the behest of a governmental entity or a utility company) that has a contract with Builder to perform work on a Site.

k.      Contractor Representative – a person with the authority and responsibilities described in Paragraph 20.c. (Listed Contractor and Stormwater Consultant Compliance).

l.      Date of Entry – the date the Court-approved Decree is entered in the civil docket under Federal Rule of Civil Procedure 79(a).

m.      Designee – a Builder employee who is Stormwater Trained, pursuant to Paragraph 18 (Stormwater Training Program), or a "Stormwater Consultant" as that term is defined in Paragraph 1.uu.

n.      Division – Builder's mid-level management unit (the management level between national management and Site-level management) that manages multiple Sites and Projects.  Builder may modify its divisional structure to meet its business needs.

o.      Division Stormwater Compliance Representative – a Builder employee designated pursuant to Paragraph 8.b (Designation of Stormwater Compliance Representatives) to oversee stormwater compliance activities for a Division (or for a comparable business unit if Builder or Division renames or reorganizes its internal structure).

p.      Division Quarterly Compliance Summary Report – a report in the form attached at Appendix F and as required by Paragraph 16 (Division Quarterly Compliance

Summary Report).

    q.    EPA – the U.S. Environmental Protection Agency.

    r.    Federal General Permit – the federal "NPDES General Permit for Stormwater Discharges from Construction Activities" issued by EPA on July 1, 2003 (68 Fed. Reg. 39087), as modified and amended by the permit issued July 14, 2008 (73 Fed. Reg. 40338), and any subsequent amendments or modifications thereto or other permits subsequently issued by EPA to implement the requirements of 40 C.F.R. Parts 122, 123 and 124 for stormwater discharges from construction activities.

    s.    Federal Plaintiff – the United States of America, acting on behalf of EPA.

    t.    Government Inspection – a state or federal inspection conducted to evaluate compliance with Stormwater Requirements. This term also includes local inspections conducted by a local government entity to enforce an Applicable Permit if that entity has been delegated inspection or enforcement authorities for that permit.

    u.    List of Projects and Sites – a list of Projects and Sites as required by Paragraph 9 (Notice to EPA of List of Projects and Sites).

    v.    Listed Contractor – any Contractor in a category identified in Appendix K.

    w.    National Compliance Summary Report – a report in the form attached at Appendix G and as required by Paragraph 17 (National Compliance Summary Report).

    x.    National Reporting Period – the time periods covered by the National Compliance Summary Report(s) shown on the table set out in Paragraph 17.

    y.    National Stormwater Compliance Representative – a Builder employee designated pursuant to Paragraph 8.c (Designation of Stormwater Compliance Representatives).

z.     Notice of Intent ("NOI") – a request for coverage under an Applicable Permit.

aa.     Notice of Termination ("NOT") – notification that coverage under an Applicable Permit is ready for termination.

bb.     Paragraph – shall mean a portion of this Decree identified by an Arabic numeral.

cc.     Parties – the Federal Plaintiff, the State Plaintiffs, and Builder.

dd.     Pre-Construction Inspection and Review – the inspection and review required by Paragraph 12 (Pre-Construction Inspection and Review).

ee.     Pre-Construction Inspection and Review Form ("PCIR Form") – the form attached at Appendix C and as required by Paragraph 12 (Pre-Construction Inspection and Review).

ff.     Project – any land where Builder engages in construction activity that includes residences, or other construction associated with those residences, and where Builder asserts coverage under an Applicable Permit is not required.

gg.     Quarterly Compliance Inspection – an inspection of a Site, as required by Paragraph 15 (Site Quarterly Stormwater Compliance Inspection and Review).

hh.     Quarterly Compliance Inspection Form – the form attached at Appendix E and as required by Paragraph 15 (Site Quarterly Stormwater Compliance Inspection and Review).

ii.     Quarterly Compliance Review – a compliance review of a Site as required by Paragraph 15 (Site Quarterly Stormwater Compliance Inspection and Review).

jj.     Quarterly Compliance Review Form – the form attached at Appendix E and as required by Paragraph 15 (Site Quarterly Stormwater Compliance Inspection and Review).

kk.     Quarterly Reporting Period (or "QRP") – the first Quarterly Reporting Period shall be from the Date of Entry until the end of the first three (3) full calendar months following the Date of Entry.  Thereafter, the Quarterly Reporting Period shall be each successive period of three (3) calendar months.  The last day of the last Quarterly Reporting Period will be three (3) years after the Date of Entry, even if this results in a Quarterly Reporting Period that is less than three (3) full calendar months.

ll.     Record – any record, report, document, or photograph required to be created or maintained pursuant to Stormwater Requirements.

mm.     Responsive Action – an action taken or that is necessary to be taken to achieve or maintain compliance with Stormwater Requirements.

nn.     Section – shall mean a portion of this Decree identified by a Roman numeral.

oo.     Site – any area where Builder engages in construction activity that includes residences, or other construction associated with those residences, and where coverage under an Applicable Permit is required.  Builder may treat non-contiguous areas that are part of a common plan of development as a single Site.

pp.     Site Inspection – an inspection of a Site, as required by Paragraph 13 (Inspections).

qq.     Site Inspection Report – a form attached at Appendix D and as required by Paragraph 13 (Inspections).

rr.     Site Stormwater Compliance Representative – a Builder employee designated pursuant to Paragraph 8.a (Designation of Stormwater Compliance Representatives) to oversee stormwater compliance activities at a Site.

ss.     State Plaintiffs – the State of Colorado, the Florida Department of Environmental Protection, the States of Illinois, Indiana, Maryland, Nevada, and the Commonwealth of Virginia.

tt.     Stormwater Compliance Representatives – Site Stormwater Compliance Representatives, Division Stormwater Compliance Representatives and the National Stormwater Compliance Representative.

uu.     Stormwater Consultant – a person or company who provides professional or expert assistance to Builder in complying with Stormwater Requirements. Each person who is a Stormwater Consultant shall: (i) possess the skills to assess conditions at a Site that could impact the quality of stormwater and non-stormwater discharges and compliance with Stormwater Requirements; and (ii) be knowledgeable in the principles and practices of sediment and erosion control and other BMPs. The term "Stormwater Consultant" does not include Contractors hired exclusively to install, maintain, or repair BMPs.

vv.     Stormwater Consultant Representative – a person with the authority and responsibilities described in Paragraph 20.c. (Listed Contractor and Stormwater Consultant Compliance).

ww.     Stormwater Orientation Program – this term includes all of the orientation requirements set forth in Paragraphs 19 and 20 (Stormwater Orientation Program and Listed Contractor and Stormwater Consultant Compliance).

8

xx. Stormwater Plan ("SWP") – a plan for controlling pollutants in stormwater and non-stormwater discharges that meets Stormwater Requirements.

yy. Stormwater Requirements – the terms and conditions of this Decree and the Applicable Permit for the particular Site, and the laws and regulations that apply, interpret, or enforce the Applicable Permit, in their current form or as any of the foregoing requirements may be amended in the future.

zz. Stormwater Trained – an individual who: (i) is certified under the Stormwater Training Program pursuant to Paragraph 18.a.(ii) and (iii) (Stormwater Training Program); (ii) is certified under the Certified Professional in Erosion and Sediment Control ("CPESC") program, maintains a current CPESC certification, and receives the Builder-specific orientation described in Paragraph 19 (Stormwater Orientation Program); or (iii) is certified under another training program agreed to by the Federal Plaintiff after a request made to the EPA representative listed in Section XIII (Notices).

aaa. Stormwater Training Program – this term includes all of the training required by Paragraph 18 (Stormwater Training Program).

bbb. United States – shall mean the United States of America, acting on behalf of EPA.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action, pursuant to 28 U.S.C. §§ 1331, 1345, 1355, and 1367, and Section 309(b) of the Clean Water Act, 33 U.S.C. § 1319(b), and over the Parties. For purposes of this Decree, or any action to enforce this Decree, Builder consents to the Court's jurisdiction over Builder, this Decree, and any action to

enforce this Decree. Builder also consents to venue in this judicial district for this action and any action to enforce this Decree.

3. In accordance with Section 309(b) of the CWA, 33 U.S.C. § 1319(b), the United States has notified the States of California, Colorado, Florida, Georgia, Illinois, Indiana, Maryland, Minnesota, Nevada, North Carolina, South Carolina, Texas, and the Commonwealths of Kentucky and Virginia of the commencement of this action.

### III.    APPLICABILITY

4. <u>Parties Bound</u>. The obligations of this Decree apply to and are binding upon the United States and the State Plaintiffs, and upon Builder and any successor or assign to all or substantially all of its business (but only to the extent of the Projects and Sites acquired). This Decree shall not be binding on any purchaser of real property who is not an entity otherwise covered by this Decree.

5. <u>Responsibility for Acts of Others</u>. Builder shall be responsible for complying with Stormwater Requirements at Builder's Sites. In any action to enforce this Decree, Builder shall not assert as a defense the failure by any officer, director, trustee, servant, successor, assign, employee, agent, Contractor, sub-contractor or Stormwater Consultant to comply with Paragraphs 8 through 22 of this Decree.

6. Builder shall not alter its general corporate structure or enter into agreements with third parties for the primary purpose of directly or indirectly circumventing the requirements of this Consent Decree.

### IV.    BUILDER'S COMPLIANCE PROGRAM

7. <u>Compliance</u>. Builder shall comply with all applicable Stormwater Requirements at Builder's Sites and shall not violate the prohibition in Section 301(a) of the CWA by

discharging pollutants in stormwater without an Applicable Permit, or by making prohibited non-stormwater discharges, to waters of the United States at any of Builder's Sites or Projects.

8. <u>Designation of Stormwater Compliance Representatives.</u>

    a.    Builder shall designate a Site Stormwater Compliance Representative for each Site prior to signing the Pre-Construction Inspection and Review Form for that Site or within sixty (60) days of the Date of Entry, whichever is later. Each Site Stormwater Compliance Representative shall:

        (i)    be a Builder employee;

        (ii)    be Stormwater Trained;

        (iii)    be authorized by Builder and have the responsibility to supervise all work necessary to meet Stormwater Requirements at the Site, including work performed by Contractors, sub-contractors and Stormwater Consultants;

        (iv)    be authorized by Builder and have the responsibility to order employees, Contractors, sub-contractors and Stormwater Consultants to take appropriate Responsive Action to comply with Stormwater Requirements, including requiring any such person to cease or correct a violation of Stormwater Requirements, and to order or recommend such other actions or sanctions as necessary to meet Stormwater Requirements;

        (v)    be familiar with and have the authority and responsibility to update the Site's SWP;

        (vi)    be the point of contact at the Site for regulatory officials, Builder employees, Contractors, sub-contractors and Stormwater Consultants regarding Stormwater Requirements; and

(vii)     report to the Division Stormwater Compliance Representative regarding compliance with Stormwater Requirements.

b.     Builder shall designate one Division Stormwater Compliance Representative (who must be Stormwater Trained not later than sixty (60) days after the Date of Entry) for each Site prior to signing the Pre-Construction Inspection and Review Form for that Site or within thirty (30) days of the Date of Entry, whichever is later. Builder may designate the same Division Stormwater Compliance Representative for more than one Site or Division or designate multiple such Representatives for a single Division. Each Division Stormwater Compliance Representative shall:

(i)     be a Builder employee;

(ii)     be Stormwater Trained;

(iii)     be authorized by Builder and have the responsibility to supervise all work necessary to meet Stormwater Requirements in the Division including work performed by Contractors, sub-contractors and Stormwater Consultants;

(iv)     be authorized by Builder to order employees, Contractors, sub-contractors and Stormwater Consultants to take appropriate Responsive Action to comply with Stormwater Requirements, including requiring within his or her Division any such person to cease or correct a violation of Stormwater Requirements, and to order or recommend such other actions or sanctions as necessary to meet Stormwater Requirements; and

(v)     be familiar with and have the authority (or the responsibility to obtain the approval) to certify and amend SWPs.

c.     Builder shall designate one National Stormwater Compliance

Representative not later than seven (7) days after the Date of Entry of this Decree. The National Stormwater Compliance Representative shall:

(i)      be a Builder employee;

(ii)     be Stormwater Trained not later than thirty (30) days after the Date of Entry;

(iii)    oversee the development and maintenance of the List of Projects and Sites established pursuant to Paragraph 9 (Notice to EPA of List of Projects and Sites);

(iv)    submit the National Compliance Summary Report to the Federal Plaintiff, and submit to each of the State Plaintiffs the National Compliance Summary Report or the portion of the report that is relevant to the respective State pursuant to Paragraph 17 (National Compliance Summary Report); and

(v)     serve as Builder's point of contact for State and Federal Plaintiffs for company-wide compliance matters related to Stormwater Requirements.

d.     If a Stormwater Compliance Representative must be replaced and Builder replaces him or her within thirty (30) days of the vacancy, the gap in designation shall not be deemed a violation of Paragraph 8.a., b., c. or g. of this Decree. However, the vacancy shall not excuse non-compliance with any other Stormwater Requirement. During any such vacancy, a Stormwater Trained Builder employee shall fulfill the signature requirements of Paragraphs 13.b., 15.c. and 16.

e.     Except as expressly provided in the Decree, Stormwater Compliance Representatives may delegate the performance of stormwater compliance duties required under this Decree to Designees. Any such delegation does not relieve Builder of

responsibility for the proper performance of any delegated task or for compliance with Stormwater Requirements. Designees shall have sufficient authority to perform the delegated tasks.

f.     Stormwater Compliance Representatives may also hire Contractors to install, maintain or repair BMPs. Any such use of Contractors does not relieve Builder of responsibility for the proper performance of any delegated task or for compliance with Stormwater Requirements.

g.     Builder shall post the name and contact information for all Site Stormwater Compliance Representatives for a Site at a conspicuous location at that Site, such as at the construction office, or at an entrance or exit if the Site does not have a construction office.

9.     <u>Notice to EPA of List of Projects and Sites.</u>

a.     Not later than sixty (60) days after the Date of Entry, Builder shall provide a List of Projects and Sites ("the List") to the EPA representative listed in Section XIII (Notices) in searchable electronic form or in hardcopy, in the format attached as Appendix A as described below.

(i)     The initial List shall include all Sites and Projects where Builder has initiated construction activity and final stabilization has not occurred as of the Date of Entry.

(ii)     The List shall provide: (A) the State and County in which the Site is located; and (B) the Site name.

(iii)     Builder shall also provide on the List the following additional information for each Site: (A) the location information from the NOI (if the

location information in the NOI does not contain a Site's street address or the latitude and longitude, then specific information regarding the Site's location – for example, a street address, nearby intersection, or the latitude and longitude – must be provided); (B) the date that the Pre-Construction Inspection and Review Form was signed, for Sites where Builder commenced construction activity after the Date of Entry; (C) the estimated number of acres that will be disturbed at the Site; (D) the name of the permit holder; and (E) when applicable, the date the NOT was signed. This additional information about each Site shall be provided either by adding the information to the List or by providing it by a hyperlink in the List to documents that contain the information (e.g., NOI, PCIR Form, NOT).

(iv) For each of Builder's Projects, the List shall include the Project's name and address.

(v) Builder shall also include on the List the number of Sites owned or operated by any entity in which Builder has an interest other than a wholly-owned interest.

b. Builder shall provide to the EPA representative listed in Section XIII (Notices) an updated List on or before the 30th day after the end of each Quarterly Reporting Period. The updated List shall include the information provided in Paragraph 9.a. for each Site and Project, including new Sites and Projects. New Sites or Projects are those where commencement of construction activity occurred during the prior Quarterly Reporting Period. For previously listed Sites, Builder is required to update only the permittee name and the date the NOT was signed, and this information shall be provided by either adding the information to the List or by providing it by a hyperlink in the List to

documents that contain the information (e.g., NOI, PCIR Form, NOT). Builder may remove Sites from the updated List after filing an NOT under the Applicable Permit, but only after identifying that an NOT was filed, on at least one quarterly updated version of the List.

      c.     For purposes of this Paragraph 9, construction activity does not include geotechnical investigations, surveying, environmental testing, plant (vegetation) salvage, or the initial installation of stormwater controls that are not sediment basins, provided that none of these activities involves significant soil disturbance.

10.    <u>Permits</u>. Solely for the purposes of compliance with this Decree, at a Site where coverage under an Applicable Permit is or will be required, Builder shall obtain permit coverage at that Site prior to signing the Pre-Construction Inspection and Review Form, or within the time required by the Applicable Permit, whichever is earlier. This provision is not an admission by any Party as to the requirements for obtaining an Applicable Permit under the Clean Water Act.

11.    <u>Stormwater Plans and Records</u>.

      a.     For each Site, Builder shall prepare a site-specific SWP prior to signing the Pre-Construction Inspection and Review Form, or within the time required by the Applicable Permit, whichever is earlier. This Paragraph 11 only applies to Sites at which the Pre-Construction Inspection and Review Form is signed after the Date of Entry.

      b.     Builder shall provide a copy of the EPA guidance document attached as Appendix B to the persons who prepare each of its SWPs. The development of all SWPs after the Date of Entry shall be guided by this guidance document, as appropriate to comply with the Applicable Permit. If there is a conflict between this EPA guidance document and the terms of this Consent Decree, including its appendices, or the terms of

an Applicable Permit, the terms of the Consent Decree or the Applicable Permit, as appropriate, shall control.

c.  All SWPs and SWP amendments shall comply with the terms and conditions of the Applicable Permit and this Decree.  Each SWP shall:

(i)  be site specific;

(ii)  identify the BMPs that will be used for each anticipated major phase of construction;

(iii)  incorporate the inspection frequency and routine maintenance deadlines under the Applicable Permit; and

(iv)  include clear, concise descriptions of site-specific BMPs to implement the requirements of the Applicable Permit and to guide those responsible for overseeing implementation of the SWP at each stage of construction.

d.  Each SWP shall contain a statement by the preparer that its development was guided by the requirements of Paragraph 11.c. and EPA's guidance document attached hereto as Appendix B.

e.  SWPs shall be revised or amended in accordance with the Applicable Permit.

f.  All SWPs and SWP amendments shall be certified as required by the Applicable Permit.

g.  The Site Stormwater Compliance Representatives shall review the SWP for his/her Site, and such review shall not be delegated.

h.  The SWP and any Records required to be maintained at individual Sites by

the Applicable Permit or Paragraphs 12 (Pre-Construction Inspection and Review), 13 (Inspections), and 14 (Maintenance) shall be maintained at the relevant Site construction office if the Site has one. If there is no construction office, the location of the SWP and these Records shall be posted along with, or adjacent to, the contact information of the Site Stormwater Compliance Representative(s) required by Paragraph 8.g.

12. Pre-Construction Inspection and Review.

    a.    For Sites where Builder commences construction activity more than thirty (30) days after the Date of Entry, a Stormwater Compliance Representative (who must be Stormwater Trained not later than sixty (60) days after the Date of Entry) shall perform a Pre-Construction Inspection and Review prior to Builder's commencement of construction activity at that Site.

    b.    For purposes of this Paragraph 12, the commencement of construction activity does not include geotechnical investigations, surveying, environmental testing, plant (vegetation) salvage, or the initial installation of BMPs that are not sediment basins, provided none of these activities involve significant soil disturbance.

    c.    The Pre-Construction Inspection and Review shall include an inspection of the entire Site and completion of the Pre-Construction Inspection and Review Form attached at Appendix C. The Pre-Construction Inspection and Review Form may be completed in an electronic format. Prior to the commencement of Builder's construction activity, a Responsive Action shall be completed for each Action Item on the Pre-Construction Inspection and Review Form, identified during the Pre-Construction Inspection and Review.

    d.    A Stormwater Compliance Representative shall review and sign (either

electronically or in hard copy) the Pre-Construction Inspection and Review Form, a task that may not be delegated. The Pre-Construction Inspection and Review Form shall be located as provided by Paragraph 11.h.

     e.      Where any entity other than Builder commenced construction activity at a Site and Builder takes title to all or a portion of that Site after the Date of Entry, Builder shall determine no later than ten (10) Business Days after taking title whether that portion of that Site has unstabilized soils. If so, Builder shall, as soon as practicable, install and maintain appropriate erosion and sediment control BMPs or assume responsibility for maintaining any existing appropriate erosion and sediment control BMPs for those portions of the Site with unstabilized soils.

13.   Inspections.

     a.      At a minimum, the Site Stormwater Compliance Representative shall inspect each Site at the frequency required by the Applicable Permit. The Site Inspection requirements for each Site shall go into effect on the date the Pre-Construction Inspection and Review Form is signed, or on the date required by the Applicable Permit, whichever is earlier.

     b.      Commencing thirty (30) days after the Date of Entry, the Site Stormwater Compliance Representative (who must be Stormwater Trained not later than sixty (60) days after the Date of Entry) shall record Site Inspections on the Site Inspection Report form attached as Appendix D. The Site Inspection Report form may be completed in an electronic format. If a Designee conducts an inspection, the Site Stormwater Compliance Representative shall review and sign (either electronically or in hard copy) the completed Site Inspection Report, a task that may not be delegated. The Site

Inspection Report shall be certified in accordance with the terms of the Applicable Permit.

  c. The final Site Inspection Report generated prior to the submittal of a NOT shall be clearly labeled as such.

  d. The Site Inspection Reports shall be kept with the SWP.

14. <u>Maintenance</u>.

  a. Builder shall maintain each Site in accordance with Stormwater Requirements.

  b. For every Action Item on the Site Inspection Report that is identified during a Site Inspection required by Paragraph 13 (Inspections) or on the Quarterly Compliance Inspection Form that is identified during a Quarterly Compliance Inspection as required by Paragraph 15 (Site Quarterly Stormwater Compliance Inspection and Review), the Site Stormwater Compliance Representative or a Contractor whose work is supervised by the Site Stormwater Compliance Representative shall record the information required on the applicable forms (Appendices D and E) or in another single, identifiable document or database. The information required includes: a specific reference to the Action Item including the date of the inspection, a brief description of the Responsive Action taken, and the date the Responsive Action was completed. The Site Stormwater Compliance Representative need not (but may) record Responsive Actions completed during the inspection when the Action Item was discovered. The Responsive Action Log, Site Inspection Report, or the single identifiable document or database referenced above shall be kept on Site as per Paragraph 11.h.

15.   Site Quarterly Compliance Inspection and Review.

a.   Builder shall provide for Site oversight and review by following the procedures in the subparagraphs below.

b.   At least once during each Quarterly Reporting Period, beginning with the first full Quarterly Reporting Period after the Date of Entry or the first full Quarterly Reporting Period after the date the Pre-Construction Inspection and Review is signed, whichever is later, the Division Stormwater Compliance Representative shall conduct a Quarterly Compliance Inspection of each Site in the Division.  The results shall be recorded on a Quarterly Compliance Inspection Form attached at Appendix E.  The Quarterly Compliance Inspection shall not be conducted by the same person who conducted a Site Inspection under Paragraph 13 (Inspections) (other than a Quarterly Compliance Inspection under this Paragraph 15 that also serves as a Site Inspection under Paragraph 13) at the Site during that Quarterly Reporting Period.

c.   No later than seven (7) days after the Quarterly Compliance Inspection, the Division Stormwater Compliance Representative shall complete a Quarterly Compliance Review in accordance with the form attached at Appendix E.  The Division Stormwater Compliance Representative shall review the Quarterly Compliance Review Form with the Site Stormwater Compliance Representative(s) for that Site, all of whom shall sign the Quarterly Compliance Review Form.  No task in this subparagraph may be delegated except as provided in Appendix E.

d.   The Site Stormwater Compliance Representative(s) shall be responsible for managing the completion of a Responsive Action for each Action Item on the form and identified during the Quarterly Compliance Inspection or Quarterly Compliance

21

Review in the same manner as required under Paragraph 14 (Maintenance).

e. If a Quarterly Compliance Inspection and Review is missed, then the next Quarterly Compliance Review must also include the information required by the Review for the missed Quarterly Reporting Period.

16. <u>Division Quarterly Compliance Summary Report</u>. Within thirty (30) days of the end of each Quarterly Reporting Period, each Division Stormwater Compliance Representative shall prepare a Division Quarterly Compliance Summary Report in accordance with the form attached at Appendix F. The Division Quarterly Compliance Summary Report shall be reviewed and signed by the Division Stormwater Compliance Representative, a task that may not be delegated. Copies shall be sent to all Site Stormwater Compliance Representatives within the Division and any other persons identified in Appendix F. If a Division Quarterly Compliance Summary Report is missed, then the next Division Quarterly Compliance Summary Report must also include the information for the missed report.

17. <u>National Compliance Summary Report</u>. The National Stormwater Compliance Representative shall submit the National Compliance Summary Report to the Federal Plaintiff pursuant to Section XIII (Notices), and submit to each of the State Plaintiffs the National Compliance Summary Report or the portion of the report that is relevant to that State, in accordance with the form attached as Appendix G. The National Stormwater Compliance Representative, or a Builder executive at a higher corporate level, shall certify the report. The tasks in this Paragraph may not be delegated. The National Compliance Summary Report shall be due as set forth in the following Table:

| National Compliance Summary Report | Report Coverage Period ("National Reporting Period") | Report Due Within 60 Days after the Last Day of the Following Period |
| --- | --- | --- |
| 1 | 1st & 2nd Quarterly Reporting Periods | 2nd Quarterly Reporting Period |
| 2 | 3rd & 4th Quarterly Reporting Periods | 4th Quarterly Reporting Period |
| 3 | 5th, 6th, 7th & 8th Quarterly Reporting Periods | 8th Quarterly Reporting Period |
| 4 | 9th, 10th, 11th & 12th Quarterly Reporting Periods | 12th Quarterly Reporting Period |

Copies shall be sent to the persons identified in Appendix G.

18. <u>Stormwater Training Program</u>.

a. Builder shall implement the Stormwater Training Program set forth in Appendices H and J. The Stormwater Training Program shall include: employee stormwater training; Stormwater Compliance Representative training; and annual refresher training. Training under this program may be live or provided through electronic media.

(i) Builder shall provide employee stormwater training to all Builder employees who, in the field at a Site, primarily and directly supervise (or who primarily and directly assist in the supervision of) construction activity at a Site and who are not covered by subparagraph 18.a.(ii). Builder employees must complete the employee stormwater training no later than sixty (60) days after the Date of Entry, or no later than thirty (30) days after beginning work at a Site, whichever is later. The employee stormwater training syllabus is attached at Appendix H. Employee stormwater training that meets the requirements of this Consent Decree may be completed prior to the Date of Entry. The employee stormwater training program may be the same as the Stormwater Compliance

Representative training program.

(ii)     Builder shall provide Stormwater Compliance Representative training to all Stormwater Compliance Representatives and any Builder employee Designee of such representative, pursuant to the syllabus attached as Appendix H. To be certified as Stormwater Trained under this subparagraph, all Stormwater Compliance Representatives and Builder employee Designees, must complete the Stormwater Compliance Representative training and pass a written or electronic test which is equivalent to the test that has been approved by EPA and is subject to a claim of Confidential Business Information by Ryland, as described in Appendix J. All Stormwater Compliance Representatives and Builder employee Designees, shall be certified as Stormwater Trained no later than sixty (60) days after the Date of Entry, or prior to being a designated Stormwater Compliance Representative or Designee at a Site, whichever is later. Stormwater Compliance Representative training that meets the requirements of this Consent Decree may be completed prior to the Date of Entry. Employees who have completed Stormwater Compliance Representative training within fifteen (15) months prior to the Date of Entry may be certified in compliance with this subparagraph by passing the test within sixty (60) days after the Date of Entry. A certification under this subparagraph shall be valid for up to fifteen (15) months.

(iii)     Builder shall provide refresher training for Stormwater Compliance Representatives and Builder employee Designees who were previously certified under subparagraph 18.a.(ii) and who continue to work as Stormwater Representatives or Designees. Prior to their certification expiring, per

subparagraph 18.a.(ii), each such person shall complete the refresher training, pursuant to the syllabus attached as Appendix H, and pass a written or electronic test which is equivalent to the test that has been approved by EPA and is subject to a claim of Confidential Business Information by Ryland, as described in Appendix J. The renewal certification shall be valid for up to fifteen (15) months.

(iv)     Builder shall maintain records of each Stormwater Compliance Representative's and Builder employee Designee's certification. Builder shall provide such records to the Federal Plaintiff within thirty (30) days of Federal Plaintiff's request, or within another period of time agreed to by the Builder and Federal Plaintiff in light of the size of the request.

b.     Builder's Stormwater Training Program shall be written, developed and produced by either: (i) a Stormwater Consultant or (ii) a Stormwater Trained Builder employee.

c.     Builder shall evaluate Builder's Stormwater Training Program annually and determine whether any changes to the Stormwater Training Program are necessary. A written evaluation of the Stormwater Training Program and a description of any significant proposed changes for EPA's approval shall be included in the second semi-annual National Compliance Summary Report, and each annual National Compliance Summary Report thereafter.

19.   Stormwater Orientation Program.

a.     Not later than sixty (60) days after the Date of Entry or prior to a Listed Contractor or Stormwater Consultant beginning work for Builder, whichever is later, Builder shall provide either by posting on an internet site or otherwise delivering to each

Listed Contractor or Stormwater Consultant: an overview of the Builder's stormwater program; information explaining how to contact a Site Stormwater Representative as required by Paragraph 20.c.(iv); and a description of the potential consequences for failure to comply with Stormwater Requirements.

b. Not later than seven (7) days after the Site Pre-Construction Inspection and Review Form is signed or prior to a Listed Contractor or Stormwater Consultant beginning work at a Site, whichever is later, Builder shall provide all Listed Contractors and Stormwater Consultants at the Site the following information: Builder's compliance expectations; how to obtain additional stormwater compliance information; and the potential consequences of non-compliance. This information may be provided by posting it in the same location as the information required by Paragraph 8.g. or it may be provided by alternative means of delivery.

20. <u>Listed Contractor and Stormwater Consultant Compliance.</u>

a. After the Date of Entry, written requests for bids from Listed Contractors and Stormwater Consultants for work at a Site shall notify the bidding Listed Contractors and Stormwater Consultants that any successful bidder must comply with the Applicable Permit.

b. Within sixty (60) days of the Date of Entry or prior to a Listed Contractor or Stormwater Consultant beginning work for Builder, whichever is later, Builder shall provide either by posting on an internet site or otherwise delivering to each Listed Contractor or Stormwater Consultant the applicable "Dos & Don'ts List" included in Appendix L.

c. Builder's master contracts entered into or modified (other than

modifications to project-specific addenda) after the Date of Entry with Listed Contractors and Stormwater Consultants shall: (i) require compliance with the Applicable Permit and with instructions by Builder's Stormwater Compliance Representatives to comply with Stormwater Requirements; (ii) require all Listed Contractors to circulate the "Dos and Don'ts List" to their employees and sub-contractors who will be working at a Site; (iii) require designation of a Contractor Representative or Stormwater Consultant Representative, respectively, with the authority to oversee, instruct, and direct their respective employees and sub-contractors at a Site regarding compliance with Stormwater Requirements; (iv) require the Contractor Representative or Stormwater Consultant Representative to contact a Builder's Site Stormwater Compliance Representative to obtain any additional stormwater compliance information; (v) where the information required by Paragraph 19.a. or 20.b. is provided through an internet site, identify the internet site and require the Listed Contractor Representative or Stormwater Consultant Representative to review the posted information; and (vi) describe the consequences for failure to comply with the Applicable Permit.

21.     Corporate Acquisition. In the event that Builder acquires the business or all or substantially all of the assets of another company by purchase or merger after the Date of Entry, Paragraphs 8-20 of the Consent Decree shall apply to all of the acquired Projects and Sites owned or operated by the acquired company, or by one of its "wholly-owned-subsidiaries" (as that term is defined in Paragraph 1.e above, substituting the acquired company for Builder). Builder's obligation to comply with Paragraphs 8-20 of this Consent Decree with respect to Projects and Sites owned or operated by the acquired company or one of its wholly-owned subsidiaries shall begin 180 days from the date of closing the transaction, or after a longer period

of time if agreed to in writing by the Builder and Federal Plaintiff in light of the size of the acquisition. If a Site already has an existing SWP, then Builder does not need to comply with Paragraph 11 (Stormwater Plans and Records) or respond to Question 10 on Appendix C (Pre-Construction Inspection and Review Form) at such Site. If construction activity has commenced (as defined in Paragraph 12) at a Site of the acquired company, then Builder need not comply with the requirements of Paragraph 12 (Pre-Construction Inspection and Review) at that Site. Nothing in this Paragraph shall affect Builder's obligation to comply with Applicable Permits at the newly acquired Sites.

22. <u>Submission of Records</u>.

a. Within thirty (30) days of Federal Plaintiff's request for a Record, or within a longer period of time agreed to in writing by the Builder and Federal Plaintiff in light of the size of the request, Builder shall provide a copy to Federal Plaintiff at the address set forth in the request of any Record required under this Decree. This Paragraph does not apply to Record requests concerning a specific Site made during or after a Government Inspection of that Site.

b. The submittal of any Record to EPA under Paragraph 9 (Notice to EPA of List of Projects and Sites), Paragraph 17 (National Compliance Summary Report), and in response to a request made pursuant to Paragraph 22.a. shall be accompanied by a certification that meets the requirements of 40 C.F.R. § 122.22(b)-(d).

V.   <u>CIVIL PENALTY</u>

23. Not later than thirty (30) days after the Date of Entry, Builder shall pay the sum of $625,000 as a civil penalty. Failure to pay the civil penalty shall subject Builder to interest accruing from the first day after the 30-day period has run until the date payment is made, or until the 14th day after the 30-day period has run, whichever occurs first, at the rate specified in

28 U.S.C. § 1961. Failure to pay the civil penalty for more than fourteen (14) days after the 30-day period has run shall subject Builder to the stipulated penalty set forth in Paragraph 30.l.

24.     Builder shall pay $490,108 of the civil penalty by FedWire Electronic Funds Transfer ("EFT") to the U.S. Department of Justice in accordance with written instructions to be provided to Builder following entry of the Consent Decree by the Financial Litigation Unit of the U.S. Attorney's Office for the Western District of North Carolina, Suite 1650, 227 West Trade Street, Charlotte, NC 28202, (704) 344-6222. At the time of payment, Builder shall send a copy of the EFT authorization form and the EFT transaction record, together with a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in United States, et al. v. The Ryland Group, Inc., and shall reference the civil action number and DOJ case number 90-5-1-1-08421, to the Federal Plaintiff in accordance with Section XIII of this Decree (Notices); by email to acctsreceivable.CINWD@epa.gov; and to:

> EPA Cincinnati Finance Office
> 26 Martin Luther King Drive
> Cincinnati, Ohio 45268.

25.     Builder shall pay the civil penalty due to each State Plaintiff in the manner described below. Each payment shall be accompanied by a transmittal letter, which shall state that the payment is for the civil penalty owed pursuant to the Consent Decree in United States, et al. v. The Ryland Group, Inc., and shall reference the civil action number and DOJ case number 90-5-1-1-08421.

a.     Payment of $ 4,496 due to the State of Colorado shall be made via certified or cashier's check to the order of the Colorado Department of Public Health and Environment and mailed to:

> Enforcement Workgroup Leader
> Colorado Department of Public Health and Environment

Water Quality Control Division
4300 Cherry Creek Drive, South, Bldg. B
Denver, CO 80246-1530

Builder shall send a copy of the check and cover letter to the Federal Plaintiff and to the

State of Colorado in accordance with Section XIII (Notices).

b.      Payment of $64,074 due to the State of Florida Department of

Environmental Protection shall be made by cashier's check or money order payable to the

State of Florida Department of Environmental Protection and shall include thereon

Enforcement File Number OGC No. 11-0289 and the notation "Ecosystem Management

and Restoration Trust Fund." The payment shall be sent to:

Florida Department of Environmental Protection
NPDES Stormwater Section
Attn: Eric Livingston
2600 Blair Stone Road, MS 2500
Tallahassee, Florida 32399-2400

Builder shall send a copy of the check and cover letter to the Federal Plaintiff and to the

State of Florida in accordance with Section XIII (Notices).

c.      Payment of $11,241 due to the State of Illinois shall be made by certified

check or money order payable to the Illinois EPA for deposit into the Environmental

Protection Trust Fund. The name, case number and the Settling Defendants' federal tax

identification number shall appear on the face of the certified check or money order.

Payments shall be sent by first class mail and delivered to:

Illinois Environmental Protection Agency
Fiscal Services
1021 North Grand Avenue East
P.O. Box 19276
Springfield, IL 62794-9276

Builder shall send a copy of the check and cover letter to the Federal Plaintiff and to the

State of Illinois in accordance with Section XIII (Notices).

       d.      Payment of $22,482 due to the State of Indiana shall be made by a check

made payable to "Indiana Department of Environmental Management Special Fund" and

delivered to:

> Indiana Department of Environmental Management
> Cashier's Office
> Mail Code 50-10C
> 100 North Senate Avenue
> Indianapolis, Indiana 46204-2251

Builder shall send a copy of the check and cover letter to the Federal Plaintiff and to the

State of Indiana in accordance with Section XIII (Notices).

       e.      Payment of $13,489 due to the State of Maryland shall be made by check

made out to the Maryland Clean Water Fund and mailed to:

> Maryland Department of the Environment
> P.O. Box 2057
> Baltimore, MD 21203-2057

Builder shall send a copy of the check and cover letter to Federal Plaintiff and to the State

of Maryland in accordance with Section XIII (Notices).

       f.      Payment of $7,869 due to the State of Nevada shall be made by check

made out to NDEP and mailed to:

> Nevada Division of Environmental Protection
> Bureau of Water Pollution Control
> c/o Cliff Lawson
> Suite 3003
> 901 South Stewart Street
> Carson City, NV 89701

Builder shall send a copy of the check and cover letter to the Federal Plaintiff and to the

State of Nevada in accordance with Section XIII (Notices).

       g.      Payment of $11,241 due to the Commonwealth of Virginia shall be made

by check, money order or cashier's check made out to Treasurer of Virginia including a

notation "For Virginia Stormwater Management Fund/Ryland Consent Decree," and

mailed to:

> Virginia Department of Conservation and Recreation
> Division of Finance
> Accounts Payable
> 203 Governor Street, Suite 302
> Richmond, VA 23219

Builder shall send a copy of the check and cover letter to the Federal Plaintiff and to the

Commonwealth of Virginia in accordance with Section XIII (Notices).

26.  Builder shall not deduct the civil penalty paid under this Section in calculating its

federal income tax.

## VI.  REPORTING REQUIREMENTS

27.  All National Compliance Summary Reports shall be submitted as required under

Paragraph 17. A response to a request under Paragraph 22 (Submission of Records) shall be

submitted to the federal official making the request.

28.  The reporting requirements of this Consent Decree do not relieve Builder of any

reporting obligations required by the Clean Water Act or its implementing regulations, or by any

other federal, state, or local law, regulation, permit, or other requirement.

## VII.  STIPULATED PENALTIES

29.  Stipulated Penalty Amounts for Reported Violations. Builder shall submit

National Compliance Summary Reports as required by Paragraph 17 (National Compliance

Summary Report) to the Federal Plaintiff that will identify violations listed in this Paragraph.

State Plaintiffs or Federal Plaintiff may also use other information gathered by State or Federal

Plaintiffs to identify violations for which stipulated penalties may be assessed by the Federal

Plaintiff under this Paragraph 29. Except for subparagraph 29.a., stipulated penalties under this Paragraph will not begin to accrue until after the end of the second Quarterly Reporting Period. Federal Plaintiff may demand stipulated penalties pursuant to this Paragraph within one (1) year after the violation is reported to the Federal Plaintiff, or within six (6) months after termination of this Consent Decree pursuant to Section XVII (Termination), whichever is earlier. For each of the instances listed below, upon written demand of Federal Plaintiff, Builder shall pay stipulated penalties in the following amounts:

      a.     Discharge(s) of pollutants from a Site to a water of the United States prior to obtaining coverage as required under an Applicable Permit: $2,500 per day of such discharge(s).

      b.     Failure to perform (including completion of all Responsive Actions) or, if performed, a material failure to document a Pre-Construction Inspection and Review as required by Paragraph 12 (Pre-Construction Inspection and Review): $2,500 per Site.

      c.     Failure to perform or, if performed, a material failure to document a Site Inspection as required by Paragraph 13 (Inspections):

| Percentage of Inspections Missed/Undocumented Per National Reporting Period | Stipulated Penalty Per Period | | |
| --- | --- | --- | --- |
| | 3rd & 4th QRP | 5th–8th QRP | 9th–12th QRP |
| 0.01 to 5% | 0 | 0 | 0 |
| 5.01 to 8% | $2,500 | $10,000 | $15,000 |
| 8.01 to 12% | $6,750 | $25,000 | $30,000 |
| 12.01 to 20% | $12,500 | $50,000 | $100,000 |
| 20.01 to 25% | $25,000 | $100,000 | $200,000 |
| >25% | $62,500 | $250,000 | $500,000 |

d.      Failure to perform or, if performed, a material failure to document a Quarterly Compliance Inspection or Review as required by Paragraph 15 (Site Quarterly Stormwater Compliance Inspection and Review):

| Percentage of Quarterly Inspections or Reviews Undocumented Per National Reporting Period | Stipulated Penalty |
| --- | --- |
| For each undocumented Inspection or review from 0.01 to 5% of required inspections or reviews: | $100 |
| For each additional undocumented Inspection or review from 5.01 to 10% of required inspections or reviews: | $200 |
| For each additional undocumented Inspection or review > 10% of required inspections or reviews: | $300 |

If a Quarterly Compliance Review is missed, then the next Quarterly Compliance Review must also include the information required by the Review for the missed Quarterly Reporting Period.

e.      Failure to prepare a Division Quarterly Compliance Summary Report as required by Paragraph 16 (Division Quarterly Compliance Summary Report):

| Days | Stipulated Penalty |
| --- | --- |
| 1st through 7th day | $250 per Report |
| 8th through 30th day | $500 per Report |
| 31st through 90th day | $5,000 per Report |

If a Division Quarterly Compliance Summary Report is missed, then the next Division Quarterly Compliance Summary Report must also include the information for the missed report.

f.    Failure to have trained and certified Site Stormwater Compliance Representatives as required by Paragraph 18.a.(ii) and (iii) at the time of an inspection required by Paragraph 15 (Site Quarterly Stormwater Compliance Inspection and Review): $100 per person.

30.    Stipulated Penalty Amounts for Non-Self-Reported Violations. Builder shall not be obligated to report the following violations to Federal Plaintiff. Except for subparagraph 30.l., stipulated penalties under this Paragraph will not begin to accrue until six (6) months after the Date of Entry. Federal Plaintiff may demand stipulated penalties pursuant to this Paragraph within one (1) year after the date the violation is discovered by Federal Plaintiff, or within six (6) months after the termination of this Consent Decree pursuant to Section XVII (Termination), whichever is earlier. For each of the instances listed below, upon written demand of Federal Plaintiff, Builder shall pay stipulated penalties in the following amounts:

a.    Material failure to submit the initial List of Projects and Sites or an updated List of Projects and Sites as required by Paragraph 9 (Notice to EPA of List of Projects and Sites): $500 per day.

b.    Failure to designate Stormwater Compliance Representatives:

(i)    Failure to designate Site Stormwater Compliance Representatives as required by Paragraph 8 (Designation of Stormwater Compliance Representatives): $500 per person.

(ii)    Failure to designate Division Stormwater Compliance Representative(s) as required by Paragraph 8 (Designation of Stormwater Compliance Representatives): $250 per Site.

        (iii)     Failure to designate a National Stormwater Compliance Representative as required by Paragraph 8 (Designation of Stormwater Compliance Representatives): $1,000 per person.

     c.     Failure to train employees as required by Paragraph 18.a.(i) or failure to train and certify Stormwater Compliance Representatives and Builder-employed Designees as required by Paragraph 18.a.(ii) – (iii) (Stormwater Training Program): $250 per person.

     d.     Failure to provide Stormwater Orientation as required by Paragraph 19.a. (Stormwater Orientation Program) shall be subject to the following stipulated penalties:

        (i)     if Builder chooses to satisfy the requirements of Paragraph 19.a. by posting such information on an internet site, and fails to timely post such information:

| Days | Stipulated Penalty |
| --- | --- |
| 1st through 30th days | $100 per day |
| 31st through 60th days | $250 per day |
| 61st day and beyond | $500 per day; |

or

        (ii)     if Builder chooses to satisfy the requirements of Paragraph 19.a. by delivering such information in a manner other than through posting it on the internet, and fails to timely provide such information: $50 per each affected Listed Contractor or Stormwater Consultant.

     e.     Failure to comply with the bid requirements of Paragraph 20.a.: $50 per each affected Listed Contractor or Stormwater Consultant.

f.    Failure to provide the information required by Paragraph 20.b. shall be subject to the following stipulated penalties:

(i)    if Builder chooses to satisfy these requirements by posting such information on an internet site, but fails to timely post such information:

| Days | Stipulated Penalty |
|------|--------------------|
| 1st through 30th days | $100 per day |
| 31st through 60th days | $250 per day |
| 61st day and beyond | $500 per day; |

or

(ii)    if Builder chooses to satisfy the requirements of Paragraph 20.b. by delivering such information in a manner other than through posting it on the internet, and fails to timely provide such information:  $50 per each affected Listed Contractor or Stormwater Consultant.

g.    Failure to include the provisions required by Paragraph 20.c. in Builder's master contracts entered into or modified after the Date of Entry with Listed Contractors or Stormwater Consultants:  $50 per each affected Listed Contractor or Stormwater Consultant.

h.    Failure to certify any submittal as required by Paragraph 22.b.: $1,000 per violation.

i.    Failure to prepare an initial SWP, or, if prepared, a material failure of the initial SWP to comply with the Applicable Permit or this Decree:  $2,500 per SWP.

j.    At the time of a Government Inspection, failure to be in compliance with Paragraph 8.g. or 11.h.: $500 per Government Inspection.

k. Failure to submit a National Compliance Summary Report as required by Paragraph 17 (National Compliance Summary Report):

| Days | Stipulated Penalty |
|---|---|
| 1st through 14th days | $250 per day |
| 15th through 30th days | $500 per day |
| 31st day and beyond | $1,000 per day |

l. Failure to pay the civil penalty and any accrued interest required to be paid under Section V (Civil Penalty), Paragraph 23 when due: $1,000 per day commencing fifteen (15) days after the due date.

31. Payment of Stipulated Penalties.

a. Builder shall provide information regarding violations under Paragraph 29 (Stipulated Penalty Amounts for Reported Violations) pursuant to the schedule in Paragraph 17, to the Federal Plaintiff in the National Compliance Summary Report in the form attached as Appendix G.

b. All penalties owed to the Plaintiffs under Paragraphs 29 and 30 above shall be due and payable within thirty (30) days of Builder's receipt from EPA of a demand for payment of the penalties (on behalf of the Federal and State Plaintiffs), unless Builder invokes the procedures under Section IX (Dispute Resolution).

c. All payments of stipulated penalties shall be made in the same manner set forth and with the confirmation notices required by Paragraph 24, and, as applicable, Paragraph 25, except that the transmittal letter shall state that the payment is for stipulated penalties.

d.     A State Plaintiff shall receive 50% of the stipulated penalties collected for

violations of subparagraphs 30.b.(i), 30.b.(ii), 30.c., 30.i., and 30.j. that are attributable to

violations occurring in that state and are discovered by a Plaintiff.  A State Plaintiff shall

receive 50% of the stipulated penalties collected for violations of subparagraph 29.a. that

are attributable to violations occurring in that state.  Stipulated penalties reported by

Builder pursuant to Paragraph 29 (with the exception of subparagraph 29.a.) shall be paid

in full to the Federal Plaintiff.

32.     Stipulated penalties shall accrue as provided in Paragraphs 29 and 30 above.  For

stipulated penalties that are assessed "per day," penalties shall begin to accrue on the day after

performance is due or on the day a violation occurs, whichever is applicable, and shall continue

to accrue until performance is completed or until the violation ceases.  Stipulated penalties shall

accrue simultaneously for separate violations of the Consent Decree.  Penalties shall accrue

regardless of whether Federal Plaintiff has notified Builder of a violation, but need not be paid

until a demand is made.  However, if a penalty would otherwise accrue because the List of

Projects and Sites (Paragraph 9) or the Quarterly Compliance Inspection and Review (Paragraph

15) is deemed by the Federal Plaintiff to contain a material deficiency, stipulated penalties shall

not begin to accrue until the Federal Plaintiff has notified Builder of any such deficiency.

33.     The Federal Plaintiff may, in the unreviewable exercise of its discretion, reduce or

waive stipulated penalties otherwise due it under this Consent Decree.

34.     Stipulated penalties shall continue to accrue as provided in Paragraph 32, above,

during any Dispute Resolution, but need not be paid until the following:

a.     If the dispute is resolved by agreement or by a decision of the Federal

Plaintiff that is not appealed to the Court, Builder shall pay penalties agreed upon or

accepted to the Federal Plaintiff within thirty (30) days of the effective date of the

agreement or the receipt of Federal Plaintiff's decision or order.

b.     If the dispute is appealed to the Court and the Federal Plaintiff prevails in

whole or in part, Builder shall pay all penalties awarded by the Court within sixty (60)

days of receiving the Court's decision or order, except as provided in subparagraph c,

below.

c.     If any Party appeals the District Court's decision, Builder shall pay all

penalties awarded by the Court, together with interest as provided in Paragraph 36

running from the 61st day after the District Court's decision, within fifteen (15) days of

receiving the final appellate court decision.

d.     Notwithstanding Paragraph 32, during judicial review by this Court under

Section IX (Dispute Resolution) of this Decree, stipulated penalties shall not accrue,

during the period, if any, beginning on the 31st day after the Court's receipt of the motion

provided for by Paragraph 45 until the date that the Court issues a final decision

regarding such dispute.

35.     Builder shall not deduct stipulated penalties paid under this Section in calculating

its federal income tax.

36.     If Builder fails to pay stipulated penalties according to the terms of this Decree,

Builder shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961,

accruing as of the date payment became due pursuant to Paragraph 31.b. or Paragraph 34.

37.     Except as provided in this Paragraph, the Federal and State Plaintiffs reserve the

right to pursue any other remedies for violations of this Consent Decree, the Clean Water Act, or

equivalent state law to which they are entitled.  Any such action shall not be considered a

"Covered Dispute" under Section IX (Dispute Resolution). The Federal and State Plaintiffs will not seek stipulated penalties and civil or administrative penalties for the same violation; provided, however, the Federal and State Plaintiffs expressly reserve the right to seek injunctive relief against Builder for violations of this Decree, the Clean Water Act, or equivalent state law even if a stipulated penalty has been collected pursuant to this Decree.

## VIII.   FORCE MAJEURE

38.     A "force majeure event," for purposes of this Consent Decree, is defined as any event arising from causes beyond the control of Builder, its contractors, or any entity controlled by Builder that prevents or delays the performance of any obligation of this Consent Decree despite all reasonable efforts by Builder to fulfill the obligation. "All reasonable efforts" includes using all reasonable efforts to anticipate any potential force majeure event (where such event can be anticipated) and using all reasonable efforts to address the effects of any such event: (a) as it is occurring; and (b) after it has occurred, to prevent or minimize any resulting failure to perform or delay in performing any obligation of this Consent Decree. "Force majeure event" does not include Builder's financial inability to perform any obligation under this Consent Decree.

39.     Builder shall retain all rights granted under the Applicable Permit concerning a force majeure event.

40.     Builder shall provide notice to the EPA representative listed in Section XIII (Notices) orally or by electronic or facsimile transmission ("initial notice") as soon as practicable, but not later than ten (10) days after the time Builder first knew of, or by the exercise of due diligence, should have known of, a claimed force majeure event. Builder shall also provide written notice ("subsequent written notice"), as provided in Section XIII of this Consent

Decree (Notices), within thirty (30) days of the time Builder first knew of, or by the exercise of due diligence, should have known of, the event. The Federal Plaintiff may, in its unreviewable discretion, extend the time within which initial notice or subsequent written notice must be given. No such extension shall be effective unless in writing. The subsequent written notice shall state the anticipated duration of any failure to comply or delay in compliance with any obligation of this Consent Decree; the cause(s) of such failure or delay; Builder's past and proposed actions to prevent or minimize such failure or delay; a schedule for carrying out those actions; and Builder's rationale for attributing any failure to comply or delay in compliance to a force majeure event. Except as may be provided in Paragraph 39, failure to provide initial notice and subsequent written notice as required by this Paragraph shall preclude Builder from asserting any claim of force majeure.

    41.    If the Federal Plaintiff agrees that a force majeure event, as defined by this Section, has occurred, the Federal Plaintiff shall agree to extend the time for Builder to perform the affected requirements for the time necessary to complete those obligations. An extension of time to perform the obligations affected by a force majeure event shall not, by itself, extend the time to perform any unaffected obligation. Failures resulting from a force majeure event shall not be considered a breach of this Consent Decree, and Builder shall not be liable for any stipulated penalties occurring as a direct result of the event, provided Builder complies with the terms of this Section.

    42.    If the Federal Plaintiff does not agree that a force majeure event, as defined by this Section, has occurred, or does not agree to the length of the extension of time sought by Builder, the Federal Plaintiff's position shall be binding, unless Builder invokes Dispute Resolution under Section IX of this Consent Decree. In any such dispute, Builder bears the

burden of proving, by a preponderance of the evidence, that each claimed force majeure event is

a force majeure event, that Builder gave the notice required by Paragraph 40, that the force

majeure event caused any failure to comply or delay in compliance with an obligation of this

Consent Decree that Builder claims was attributable to that event, and that Builder exercised all

reasonable efforts to prevent or minimize any failure or delay in compliance caused by the event.

## IX.   DISPUTE RESOLUTION

43.   Unless otherwise expressly provided for in this Consent Decree, the dispute

resolution procedures of this Section shall be the exclusive mechanism to resolve a dispute

arising under or with respect to this Consent Decree ("Covered Dispute").  A Covered Dispute

shall be considered to have arisen when Builder serves on Federal Plaintiff a written notice of

dispute, in accordance with Section XIII of this Consent Decree (Notices).  Such notice of

dispute shall state clearly the matter in dispute.

44.   Dispute Resolution.

a.   Any Covered Dispute shall first be the subject of informal negotiations.

Informal negotiations shall proceed from the date the notice of dispute is served, as

follows, unless these periods are modified by written agreement.

b.   If Builder invokes dispute resolution procedures, within fifteen (15) days

of service of written notice of the dispute, Builder shall serve on the Federal Plaintiff a

written Statement of Position regarding the Covered Dispute, in accordance with Section

XIII of this Consent Decree (Notices).  The Statement of Position shall include, but need

not be limited to, a concise statement of the Covered Dispute, the Builder's position, and

an explanation of that position.

c.   The Federal Plaintiff shall serve its Statement of Position within thirty

(30) days of receipt of Builder's Statement of Position, in accordance with Section XIII of this Consent Decree (Notices). The Federal Plaintiff's Statement of Position shall include, but need not be limited to, a concise statement of the Covered Dispute, the Federal Plaintiff's position, and an explanation of that position.

      d.    Upon Builder's receipt of Federal Plaintiff's Statement of Position, Federal Plaintiff and Builder may work towards resolving the Covered Dispute. If no resolution is reached within fifteen (15) days, or such longer period as may be agreed to in writing by the Parties, the Federal Plaintiff's Statement of Position shall be binding on Builder, unless Builder files a motion for judicial resolution of the Covered Dispute within thirty (30) days after the conclusion of informal negotiations in accordance with the following Paragraph.

      45.    <u>Judicial Resolution</u>. Builder may seek judicial resolution of the Covered Dispute by filing with the Court and serving on the Federal Plaintiff, in accordance with Section XIII of this Consent Decree (Notices), a motion requesting judicial resolution of the Covered Dispute.

      46.    The Federal Plaintiff shall respond to Builder's motion within the time period allowed by the Local Rules of this Court. Builder may file a reply memorandum, to the extent permitted by the Local Rules.

      47.    Except as otherwise provided in this Consent Decree, Builder shall bear the burden of establishing its position on the Covered Dispute by a preponderance of the evidence under applicable law.

      48.    Subject to Paragraph 34.d., the invocation of dispute resolution procedures under this Section shall not, by itself, extend, postpone, or affect in any way any obligation of Builder under this Consent Decree, unless and until final resolution of the dispute so provides. Subject to

Paragraph 34.d., stipulated penalties with respect to the disputed matter shall continue to accrue from the first day of noncompliance, but payment shall be stayed pending resolution of the dispute as provided in Paragraph 34. If Builder does not prevail on the disputed issue, stipulated penalties awarded by the Court shall be paid as provided in Section VII (Stipulated Penalties).

## X.   INFORMATION COLLECTION AND RETENTION

49.   The Federal Plaintiff, State Plaintiffs and their authorized representatives acting on their behalf, upon presentation of credentials and at all reasonable times, shall have the right of entry onto all Sites and Projects and have the right to access Records located at Sites or Projects or at any offsite location where Records pertaining to a Site or Project are located, for the purpose of assessing Builder's compliance with this Consent Decree.

50.   Until one (1) year after the termination of this Consent Decree, Builder shall retain, and shall instruct its Stormwater Consultants to preserve, all Records. This information-retention requirement shall apply regardless of any contrary corporate or institutional policies or procedures.

51.   At any time during the applicable retention period for a Record and upon request by the Federal Plaintiff, Builder shall provide to Federal Plaintiff a copy of any Record required to be maintained under this Section. Builder shall provide Records requested by Federal Plaintiff pursuant to this Paragraph consistent with the procedures set forth in Paragraph 22 (Submission of Records). This Paragraph does not apply to Record requests made during a Government Inspection.

52.   Builder may assert that certain Records are privileged under the attorney-client privilege or any other privilege recognized by federal law. If Builder asserts a privilege, it must identify the privilege being asserted and describe the nature of the Record not being produced or

disclosed in a manner that, without revealing information itself privileged or protected, will enable the Federal Plaintiff to assess the applicability of the privilege or protection; provided, however, that no Records required to be created or maintained by this Consent Decree shall be withheld on grounds of privilege.

53.    With respect to any Records provided to Federal Plaintiff, Builder may also assert that information required to be provided under this Section is protected as Confidential Business Information ("CBI") under 40 C.F.R. Part 2.  As to any information that Builder seeks to protect as CBI, Builder shall follow the procedures set forth in 40 C.F.R. Part 2.

54.    Nothing in this Consent Decree shall be construed to limit any right of entry or access or other information gathering authority held by Federal or State Plaintiffs pursuant to any federal, state or local law, permit, or regulation, nor shall it be construed to limit any duty or obligation of Builder to maintain documents, records, or other information imposed by applicable federal or state laws, regulations or permits.

XI.    EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS

55.    Federal Plaintiff.  In consideration of the payment of the penalty required by Paragraph 23, Federal Plaintiff hereby releases its claims and covenants not to sue or take administrative action against Builder for civil violations or alleged civil violations at the Sites listed in Appendix M, through the date of lodging, of: (i) Section 308 of the Clean Water Act as it relates to Stormwater Requirements; (ii) the prohibition in Section 301(a) of the Clean Water Act against discharging pollutants without an Applicable Permit; or (iii) the conditions, limitations and requirements of an Applicable Permit.  The provisions of this Paragraph shall survive the termination of this Decree.

56.    State Plaintiffs. In consideration of the payment of the penalty required by

Paragraph 25, State Plaintiffs hereby release their claims and covenant not to sue or take administrative action against Builder for civil violations or alleged civil violations at the Sites listed in Appendix M, through the date of lodging, of: (i) state law equivalent to Section 308 of the Clean Water Act as it relates to Stormwater Requirements; (ii) the prohibition in Section 301(a) of the Clean Water Act against discharging pollutants without an Applicable Permit and any state law equivalent to this prohibition; (iii) the conditions, limitations and requirements of an Applicable Permit; or (iv) any state law, regulation or permit regulating discharges of stormwater, except rules and statutes relating to the Florida Environmental Resource Permitting Program. The provisions of this Paragraph shall survive the termination of this Decree.

57.   Plaintiffs' Reservation of Rights.

a.    Each Plaintiff reserves all rights not expressly waived in this Decree.

b.    Each Plaintiff reserves all rights and remedies, legal and equitable, available to enforce the provisions of this Decree.

c.    Each Plaintiff reserves the right to seek and obtain criminal sanctions against any person, including Builder.

d.    Each Plaintiff reserves the right to undertake any action for injunctive relief against any person, including Builder, in response to conditions which may present an imminent and substantial endangerment to the public health or welfare or the environment.

58.   Builder's Reservation of Rights. Except as expressly stated herein, Builder reserves all defenses and all rights and remedies, legal and equitable, available to it in any action brought by any Plaintiff or by Builder under this Decree, an Applicable Permit, the Clean Water Act, or any other federal or state statutes, regulations or rules. This Decree shall not be

construed as a waiver of any defenses or remedies that Builder may have to any future alleged violations of an Applicable Permit, or of the federal and state laws and regulations governing an Applicable Permit.

59. <u>Not a Permit Modification</u>. This Consent Decree is neither a permit, nor a modification of any permit, under any federal, state, or local laws or regulations, and this Decree does not relieve Builder of its responsibilities to comply with all applicable federal, state, and local laws, regulations, and permits. The Federal and State Plaintiffs do not, by their consent to the entry of this Consent Decree, warrant or aver in any manner that Builder's compliance with any aspect of this Consent Decree will result in compliance with provisions of the Clean Water Act, 33 U.S.C. §§ 1251-1387, or with any other provisions of federal, state, or local laws, regulations, or permits.

60. <u>Third Parties</u>. This Consent Decree does not limit or affect the rights of Builder or of the Federal and State Plaintiffs against any third parties, not party to this Consent Decree, nor does it limit the rights of third parties, not party to this Consent Decree, against Builder, except as otherwise provided by law. This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party that is not a party to this Consent Decree.

61. <u>No Admission</u>. Builder does not admit any liability to the United States or the State Plaintiffs arising out of the transactions or occurrences alleged in the Complaint.

## XII.   COSTS

62. The Parties shall bear their own costs of this action, including attorneys' fees.

## XIII.   NOTICES

63. Unless otherwise specified herein, whenever notifications, submissions, or communications are required by this Consent Decree, they shall be made in writing and

2

addressed as follows:

<u>To the Federal Plaintiff</u>:

> Chief, Environmental Enforcement Section
> Environment and Natural Resources Division
> U.S. Department of Justice
> Box 7611 Ben Franklin Station
> Washington, DC 20044-7611
> Re: DOJ Case No. 90-5-1-1-08421

> and

> Director, Water Enforcement Division
> Office of Enforcement and Compliance Assurance
> U.S. EPA
> Mail Code 2243A
> Room 3102
> Attn: Susan Bruce
> 1200 Pennsylvania Ave, NW
> Washington, DC 20460-0001

> <u>For Force Majeure and Modification Purposes Only</u>:
> Susan D. Bruce
> Water Enforcement Division
> Office of Civil Enforcement
> U.S. EPA OECA
> Mail Code 2243A
> 1200 Pennsylvania Ave, NW
> Washington, DC 20460-0001
> 202-564-8329
> 202-564-0018 (fax)
> Bruce.susan@epa.gov

<u>To the State of Colorado</u>:

> Scott Klarich
> Enforcement Work Group Leader
> Colorado Department of Public Health and Environment
> Water Quality Control Division
> 4300 Cherry Creek Drive, South, Bldg. B
> Denver, Colorado 80246-1530

<u>To the State of Florida</u>:

> Florida Department of Environmental Protection

NPDES Stormwater Section
Attn: Eric Livingston
2600 Blair Stone Road, MS 2500
Tallahassee, Florida 32399-2400

To the State of Illinois:

RoseMarie Cazeau
Office of the Illinois Attorney General, Environmental Bureau
69 W. Washington, Suite 1800
Chicago, Illinois 60602

Charles Gunnarson
Illinois Environmental Protection Agency
1021 North Grand Avenue East
P.O. Box 19276
Springfield, Illinois 62794-9276

To the State of Indiana:

Chief, Environmental Section
Office of the Attorney General
Indiana Government Center South
5th Floor
402 West Washington Street
Indianapolis, Indiana 46204

Chief, Compliance Branch
Indiana Department of Environmental Management
Office of Water Quality
Mail Code 65-40
100 North Senate Avenue
Indianapolis, Indiana 46204-2251

Office of Legal Counsel
Indiana Department of Environmental Management
Mail Code 60-01
100 North Senate Avenue
Indianapolis, Indiana 46204-2251

To the State of Maryland:

Principal Counsel
Office of the Attorney General
Maryland Department of the Environment
1800 Washington Boulevard

Baltimore, Maryland 21230

Chief, Enforcement Division
Compliance Program
Water Management Administration
Maryland Department of the Environment
1800 Washington Boulevard
Baltimore, Maryland 21230

To the State of Nevada:

Carolyn Tanner, Deputy Attorney General
State of Nevada, Office of the Attorney General
100 N. Carson Street
Carson City, Nevada 89701-4717

To the Commonwealth of Virginia:

Director
Department of Conservation and Recreation
Commonwealth of Virginia
203 Governor Street
Suite 302
Richmond, Virginia 23219

Elizabeth Andrews
Senior Assistant Attorney General
Commonwealth of Virginia
Environmental Section
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219

To Builder:

General Counsel
The Ryland Group, Inc.
3011 Townsgate Road, Suite 200
Westlake Village, California 91361

64.      Any Party may, by written notice to the other Parties, change its designated notice

recipient or notice address provided above.

65.      Notices provided pursuant to this Section will be deemed to have been submitted:

(1) on the Business Day sent if provided by facsimile; (2) on the date postmarked if provided by mail; and (3) on the date picked up by the overnight delivery service if provided by overnight delivery. The Parties may, by written mutual agreement, provide for an alternative method of delivery of notice.

## XIV. EFFECTIVE DATE

66. The Effective Date of this Consent Decree shall be the Date of Entry.

## XV. RETENTION OF JURISDICTION

67. The Court shall retain jurisdiction over this case until termination of this Consent Decree for the purpose of resolving disputes arising under this Decree or entering orders modifying this Decree pursuant to Sections IX (Dispute Resolution) and XVI (Modification), or effectuating or enforcing compliance with the terms of this Decree. The Court shall retain jurisdiction after termination only for the purposes set forth in Paragraph 75 below.

## XVI. MODIFICATION

68. Except as otherwise set forth in Paragraph 69 below, the terms of this Consent Decree, including any attached appendices, may be modified by a written agreement signed by Builder and Federal Plaintiff (after consultation with State Plaintiffs) without approval of the Court.

69. Any modification which constitutes a material change to the terms of the Consent Decree, including any material change to an Appendix, shall be effective only upon approval by the Court.

70. Builder may propose minor modifications to the Appendices to this Consent Decree for the purposes of adding information, changing formatting as necessary to align the Appendices with an Applicable Permit or Builder's management needs, or adding or changing

questions on the training test described in Appendix J for purposes of improving the test ("Minor Appendix Modification"). Builder may begin using a modified Appendix after submitting it to the EPA representative listed in Section XIII (Notices). If Federal Plaintiff determines that a Minor Appendix Modification does not comply with the terms of this Consent Decree, it shall notify Builder and provide a list of changes required to bring the submitted Appendix into compliance with this Decree. Builder has thirty (30) days after receipt of the list of changes to incorporate Federal Plaintiff's list of changes. The resulting Appendix shall supersede the original form or report and be considered a minor modification.

71. If a Site that meets the criteria articulated in Appendix M is inadvertently left off of Appendix M, Builder may submit, through the 60th day after lodging of the Consent Decree, a revised list with the additional Site(s) included. Any revised list shall be submitted for review to the EPA representative listed in Section XIII (Notices). If the Federal Plaintiff, after consultation with the State Plaintiffs, agrees that the revision to the list meets the criteria articulated in Appendix M, and if Builder and Federal Plaintiff sign a written agreement pursuant to Paragraph 68, the parties shall file a joint stipulation with the Court, seeking approval of the modified Appendix M and approval of the Court to amend Appendix A of the Complaint accordingly.

XVII. TERMINATION

72. The following conditions ("Conditions of Termination") are the exclusive conditions for termination of this Decree and all of Builder's obligations hereunder. This Decree shall terminate under the procedures set forth in this Section when these Conditions of Termination have been met:

     a.    the passing of three years since the Date of Entry ("the Third Anniversary");

b.     Builder has paid all civil penalties and related interest due under this Decree;

c.     Builder has paid all stipulated penalties and related interest demanded through the Third Anniversary by Federal Plaintiff under Paragraph 31, excluding any stipulated penalties or interest that are subject to Dispute Resolution, as to which this Court shall retain jurisdiction under Paragraph 75, below;

d.     Builder has established and implemented a management system designed to fulfill its obligations under Paragraphs 8, 11, 12, 13, 14, 15 and 16;

e.     Builder has established and implemented a Training and Orientation Program designed to fulfill its obligations under Paragraphs 18, 19 and 20;

f.     Builder has submitted all Lists of Sites required by Paragraph 9 as of the Third Anniversary;

g.     Builder has acquired or applied for coverage under an Applicable Permit for all Sites existing as of the Third Anniversary; and

h.     Builder has submitted all National Reports required by Paragraph 17, including the National Compliance Summary Report submitted following the Third Anniversary.

73.     The following procedures for terminating this Decree shall govern (and the Parties intend that this process shall be resolved at the earliest possible time):

a.     Any time subsequent to the date forty-five (45) days prior to the Third Anniversary, Builder may submit to Federal Plaintiff a proposed motion to terminate the Decree ("Proposed Motion"). The Proposed Motion shall include a draft certification, that meets the requirements of 40 C.F.R. § 122.22, that Builder has fulfilled the

Conditions of Termination. Following receipt by Federal Plaintiff of the Builder's Proposed Motion, the Builder and Federal Plaintiff shall confer informally concerning the proposal and any disagreement that these parties may have as to whether Builder has met the Conditions of Termination.

b. No sooner than forty-five (45) days after delivery of the Proposed Motion to Federal Plaintiff, Builder may file a motion to terminate this Decree. This motion shall contain a final certification, that meets the requirements of 40 C.F.R. § 122.22, that Builder has fulfilled the Conditions of Termination as of the date of the filing of the motion.

(i) If the Federal Plaintiff, after consultation with the State Plaintiffs, agrees that the Conditions of Termination have been met, it shall join in the motion to terminate. In that event, the Court shall enter an order terminating this Decree effective as of the filing of said motion.

(ii) If the Federal Plaintiff, after consultation with the State Plaintiffs, does not agree that the Conditions of Termination have been met, it shall serve its opposition to the motion in accordance with the local rules of the Court. Builder may reply in accordance with the local rules of the Court. If the Court finds based upon the preponderance of the evidence that Builder has met the Conditions of Termination, it shall order this Decree terminated effective as of the date of filing the motion to terminate.

(iii) If Federal Plaintiff neither joins in the motion to terminate nor files a timely opposition, upon Builder's request the Court shall enter an order terminating the Decree effective as of the date of filing the motion to terminate.

74. If the initial motion to terminate is denied by the Court, one or more renewed motion(s) to terminate may be filed. The Court shall decide a renewed motion to terminate based on the Conditions of Termination set forth in Paragraph 72, reviewed for fulfilling the requirements as of the Third Anniversary date, except that if the Court has previously found that conditions 72.d. (management systems) and 72.e. (training and orientation programs) had not been met, then Builder's compliance with such unmet conditions shall be determined as of the date of filing of the renewed motion. If Builder has met the Conditions of Termination, the Court shall order this Decree terminated effective as of the date of filing of the renewed motion.

75. After the Consent Decree has been terminated in accordance with Paragraphs 72 - 74, this Court shall retain jurisdiction over this Decree only for the following purposes:

     a.     to resolve any dispute concerning unresolved matters subject to dispute resolution pursuant to Section IX (Dispute Resolution);

     b.     to resolve any enforcement action pending on the termination date under this Decree; and

     c.     to resolve any outstanding stipulated penalties demanded and owing based on the National Compliance Summary Report submitted following the Third Anniversary;

provided that this Paragraph applies only to matters arising prior to termination: it does not authorize the reopening of this Decree or any extension of the compliance program imposed by this Decree.

## XVIII. PUBLIC PARTICIPATION

76. This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) days for public notice and comment in accordance with 28 C.F.R. § 50.7. The Federal

Plaintiff reserves the right to withdraw or withhold its consent if the comments regarding the Consent Decree disclose facts or considerations indicating that the Consent Decree is inappropriate, improper, or inadequate. Builder consents to entry of this Consent Decree, in its present form, without further notice and agrees not to withdraw from or oppose entry of this Consent Decree, in its present form, by the Court or to challenge any provision of the Decree, unless the Federal Plaintiff has notified Builder in writing that it no longer supports entry of the Decree.

## XIX.  SIGNATORIES/SERVICE

77.    The undersigned representative of each Party certifies that he or she is authorized to execute this Consent Decree and to legally bind the Party he or she represents.

78.    This Consent Decree may be executed in any number of counterparts, each of which will be deemed an original, but all of which will constitute one and the same instrument.

79.    Builder agrees to waive summons and the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court and agrees to accept service of the complaint by mail.

## XX.  INTEGRATION

80.    This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein. Other than the Appendices, which are attached to and incorporated in this Decree, and deliverables that are subsequently submitted and approved pursuant to this Decree, no other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree. The Parties further acknowledge that the Appendices may

be modified pursuant to Section XVI (Modification).

## XXI. APPENDICES

81.     The following appendices are attached to and incorporated into this Consent

Decree:

Appendix A:   Site List and Project List

Appendix B:   Guidance Document: "Developing Your Stormwater Pollution Prevention Plan:

A Guide for Construction Sites," EPA Document EPA-833-R-060-04 (May 2007)

Appendix C:   Pre-Construction Inspection and Review Form

Appendix D:   Site Inspection Report

Appendix E:   Quarterly Compliance Inspection and Review Form

Appendix F:   Division Quarterly Compliance Summary Report

Appendix G:   National Compliance Summary Report

Appendix H:   Training Program Syllabus

Appendix I:   [Reserved]

Appendix J:   Training Exam Description

Appendix K:   Listed Contractors

Appendix L:   List of Contractor Dos and Don'ts

Appendix M:   List of Sites Subject to Covenant Not to Sue

## XXII. FINAL JUDGMENT

82.     Upon approval and entry of this Consent Decree by the Court, this Consent

Decree shall constitute a final judgment of the Court as to the Federal Plaintiff, the States of

Colorado, Florida, Illinois, Indiana, Maryland, Nevada, and the Commonwealth of Virginia,

and Builder.  The Court finds that there is no just reason for delay and therefore enters this

judgment as a final judgment under Federal Rules of Civil Procedure 54 and 58.


IT IS HEREBY SO ORDERED this ___23nd___ day of ___July___, 2012

_Graham C. Mullen_
UNITED STATES DISTRICT JUDGE

WE HEREBY CONSENT to the entry of the Consent Decree in United States, et al. v. The Ryland Group, Inc., subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE UNITED STATES OF AMERICA:

*Ignacia S. Moreno*

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530

*Valerie K. Mann*

VALERIE K. MANN
DC Bar number 440744
Trial Attorney
Environmental Enforcement Section
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 616-8756
Fax: (202) 514-2583
Email: Valerie.mann@usdoj.gov

<u>WE HEREBY CONSENT to the entry of the Consent Decree in United States, et al. v.</u>
<u>The Ryland Group, Inc., subject to the public notice requirements of 28 C.F.R. § 50.7.</u>

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

      FOR THE UNITED STATES ENVIRONMENTAL
      PROTECTION AGENCY


CYNTHIA GILES, Assistant Administrator
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460


ADAM M. KUSHNER, Director
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460


MARK POLLINS, Director
Water Enforcement Division
Office of Civil Enforcement
Office of Enforcement and Compliance Assurance
U.S. Environmental Protection Agency
1200 Pennsylvania Ave., N.W.
Washington, D.C. 20460

61

WE HEREBY CONSENT to the entry of the Consent Decree in United States, et al. v. The Ryland Group, Inc., subject to the public notice requirements of 28 C.F.R. § 50.7.

FOR THE UNITED STATES ENVIRONMENTAL PROTECTION AGENCY (continued)

MARY WILKES
Regional Counsel
U.S. Environmental Protection Agency
Region 4
61 Forsyth Street, S.W.
Atlanta, Georgia 30303-8960

WE HEREBY CONSENT to the entry of the Consent Decree in United States, et al. v. The Ryland Group, Inc.,

FOR THE STATE OF COLORADO:

JOHN W. SUTHERS
Attorney General of Colorado


ANNETTE M. QUILL
Colorado Bar No. 27683
Counsel for the State of Colorado
Senior Assistant Attorney General
Environmental Quality Unit
Natural Resources and Environment Section
Colorado Office of the Attorney General
1525 Sherman Street, 5th Floor
Denver, Colorado 80203
Telephone: (303) 866-4647
Fax: (303) 866-3558
Email: Annette.Quill@state.co.us

WE HEREBY CONSENT to the entry of the Consent Decree in United States, et al. v. The Ryland Group, Inc..

FOR THE STATE OF FLORIDA:

STATE OF FLORIDA DEPARTMENT OF ENVIRONMENTAL PROTECTION

_____
JEFF LITTLEJOHN, P.E.
Deputy Secretary for Regulatory Programs
Douglas Building
3900 Commonwealth Boulevard
Tallahassee, Florida 32399-3000

WE HEREBY CONSENT to the entry of the Consent Decree in United States, et al. v. The Ryland Group, Inc.,

FOR THE STATE OF ILLINOIS:

LISA MADIGAN, Attorney General

MATTHEW J. DUNN, Chief
Environmental Enforcement/Asbestos Litigation
Division

ROSEMARIE CAZEAU, Chief
Environmental Bureau
Illinois Bar No. 6186591
Assistant Attorney General
69 W. Washington, Ste. 1800
Chicago, Illinois 60602
Telephone: (312) 814-3094
Email: rcazeau@atg.state.il.us

FOR THE ILLINOIS ENVIRONMENTAL
PROTECTION AGENCY

LISA BONNETT, Interim Director
Illinois Environmental Protection Agency

JOHN J. KIM
Illinois Bar No. 6203296
Chief Legal Counsel
1021 North Grand Avenue East
P.O. Box 19276
Springfield, Illinois 62794-9276

65

WE HEREBY CONSENT to the entry of the Consent Decree in the Untied States, et al., v. The Ryland Group, Inc.

**FOR THE STATE OF INDIANA:**

Indiana Department of
Environmental Management

By: _____
    Thomas W. Easterly,
    Commissioner


Ind. Dept. of Environmental Mgmt
100 North Senate Avenue
MC 50-01, ICGN 1301
Indianapolis, IN 46204

Gregory F. Zoeller,
Attorney General of Indiana
Atty. No. 1958-98

By: _____
    Patricia Orloff Erdmann
    Chief Counsel for Litigation
    Atty. No. 17664-49A

By: _____
    Timothy J. Junk
    Dep. Atty. Gen.
    Atty. No. 5587-02

Office of the Attorney General
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, IN 46204

Date: _____

<u>WE HEREBY CONSENT</u> to the entry of the Consent Decree in United States, et al. v. The Ryland Group, Inc.,

FOR THE STATE OF MARYLAND:

DOUGLAS F. GANSLER
Attorney General of Maryland

STEVEN R. JOHNSON
member of Maryland State Bar
Assistant Attorney General
Maryland Department of the Environment
1800 Washington Boulevard, Suite 6048
Baltimore, MD  21230
Telephone: (410) 537-3049
Fax: (410) 537-3943
Email: srjohnson@mde.state.md.us

WE HEREBY CONSENT to the entry of the Consent Decree in United States, et al. v. The Ryland Group, Inc..

FOR THE STATE OF NEVADA:

CATHERINE CORTEZ MASTO
Attorney General

By: _____
KATIE S. ARMSTRONG
Deputy Attorney General
Nevada Bar No. 8571
State of Nevada, Office of the Attorney General
100 North Carson Street
Carson City, Nevada 89701-4717
Telephone: (775) 684-1224
Fax: (775) 684-1108
Email: karmstrong@ag.nv.gov
Attorneys for the Department of Conservation and
Natural Resources, Division of Environmental
Protection

<u>WE HEREBY CONSENT</u> to the entry of the Consent Decree in <u>United States, et al. v.</u>
<u>The Ryland Group, Inc.,</u>

FOR THE COMMONWEALTH OF VIRGINIA:

KENNETH T. CUCCINELLI II
Attorney General of Virginia

ELIZABETH A. ANDREWS
Virginia Bar No. 36274
Senior Assistant Attorney General
Environmental Section
Office of the Attorney General
900 East Main Street
Richmond, Virginia 23219
Telephone: (804) 225-4205
Fax: (804) 786-2650
Email: eandrews@oag.state.va.us

WE HEREBY CONSENT to the entry of the Consent Decree in United States, et al. v. The Ryland Group, Inc.,


FOR THE RYLAND GROUP, INC.:

By:

_____

Timothy Geckle
Senior VP
The Ryland Group, Inc.
24025 Park Sorrento #440
Calabasas, CA 91302